# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOGAN DYJAK, #884839, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18−cv–02049−SMY ) |
| TONYA PIEPHOFF, ROD HOEVET, JENNIFER GERLING, SARAH JOHNSON, DR. GAVALI, SARAH BROWN-FOILES and MARY HOLLOWAY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Logan Dyjak, who is currently in the custody of the Illinois Department of Human Services and housed at the McFarland Mental Health Center in Springfield, Illinois, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff challenges the defendants' decision to transfer him from Alton Mental Health Center (*i.e.*, a medium-security facility) to Chester Mental Health Center (*i.e.*, a maximum-security facility) on February 6, 2018. (Doc. 1, pp. 1-4). Plaintiff claims that his non-emergency transfer to a more restrictive environment, absent any basis for doing so in his treatment plan or subsequent written findings, violated his right to due process of law. He seeks monetary relief. *Id.*

Plaintiff also requests leave to proceed *in forma pauperis* ("IFP") without prepayment of the filing fee for this action. (Docs. 5 and 8). Because Plaintiff was adjudicated not guilty by

1

reason of insanity ("NGRI"), he is not a prisoner[1] within the meaning of 28 U.S.C. § 1915(h). *See Dyjak v. Harper*, Case No. 18-cv-01011-NJR (Doc. 33, p. 3; Doc. 42, p. 2). *See also Banks v. Thomas*, No. Civ. 11-301-GPM, 2011 WL 1750065 (collecting cases) (persons adjudicated NGRI are not prisoners under § 1915). Nevertheless, the Court may allow a civil case to proceed without prepayment of fees if the applicant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1). Plaintiff has made this showing. That said, the Court may deny an otherwise qualified plaintiff leave to proceed IFP and dismiss a case if the action does not survive review under 28 U.S.C. § 1915(e)(2).

Section 1915(e)(2) requires dismissal of a Complaint or any claim therein that is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id.*; *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or meritless is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A Complaint fails to state a claim if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As discussed below, Plaintiff's Complaint does not survive screening under this standard. Therefore, Plaintiff's IFP application will be denied and this case will be dismissed.

### The Complaint

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count:

---

[1] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

**Count 1:** Fourteenth Amendment claim for deprivation of a property or liberty interest without due process of law against those defendants who decided to transfer Plaintiff from Alton to Chester Mental Health Center on February 6, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.

### Discussion

The Fourteenth Amendment prohibits a state from depriving a person of liberty or property without due process of law. *See Maust v. Headley*, 959 F.2d 644 (7th Cir. 1992). When analyzing a due process claim, the threshold inquiry is whether Plaintiff has presented a protectible liberty or property interest. *Maust*, 959 F.2d at 647. If so, the procedures used to terminate the interest must comport with constitutional due process protections. *Id*.

Here, Plaintiff offers no support for his claim that he had a property or liberty interest in remaining in a medium-security facility,[2] and the weight of authority calls his claim into question. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225-26 (1976); *Parker v. Chester Mental Health Center*, 120 Fed. Appx. 627 (7th Cir. 2004); *Thielman v. Leean*, 282 F.3d 478, 482 (7th Cir. 2002); *Maust*, 959 F.2d at 647-49 (no constitutionally protected right to housing at a particular facility or in the least-restrictive one). Absent any liberty or property interest, no due process protections arise under the Fourteenth Amendment.

With respect to Plaintiff's asserted right to notice, a hearing, and/or written findings in support of the transfer decision, "state-created procedural rights do not, standing alone, constitute

---

[2] Beyond being shuttled from a medium- to a maximum-security facility, Plaintiff also describes no injury.

3

protected liberty interests." *Maust*, 959 F.2d at 648-49 (citing *Shango v. Jurich*, 681 F.2d 1091, 1100-1101 (7th Cir. 1982)). In other words, "[o]ne *cannot* have a 'property interest' (or a life or liberty interest for that matter) in mere procedures because '[p]rocess is not an end in itself.'" *See Doe by Nelson v. Milwaukee County*, 903 F.2d 499, 502-03 (7th Cir. 1990). Plaintiff's Complaint fails to state a claim upon which relief may be granted under this authority.

## **Pending Motion**

The Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice. In support of his request for counsel, Plaintiff points to the fact that he was appointed counsel in another case. However, Plaintiff failed to disclose any efforts to locate counsel on his own in this matter, and he has demonstrated his ability to litigate this straightforward claim *pro se* thus far, by preparing coherent pleadings, communicating effectively, and meeting court deadlines.

## **Disposition**

**IT IS ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 5) is **DENIED** and the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS ORDERED** that, should he wish to proceed with this case, Plaintiff must: (1) renew his Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action no later than February 1, 2019; and (2) file a First Amended Complaint in this case by the same deadline of February 1, 2019. Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

The Court will not accept piecemeal amendments. Generally, an amended complaint

supersedes and replaces the original complaint and renders the original void. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider. The amended complaint is subject to review under 28 U.S.C. § 1915(e)(2), and no service shall be ordered until review is completed.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his First Amended Complaint, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: 1/4/2019**

                                          s/ STACI M. YANDLE
                                          **U.S. District Judge**